IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTINA MARZIALE, **PLAINTIFFS**
Individually and as mother of
Baby Boy Marziale; and
DANA McLAIN,
Administrator of the Estate of
Elaine Marziale

VS. No. 5:18-CV-86-DPM

CORRECT CARE
SOLUTIONS, LLC;
STEPHEN COOK; and
MAKITA LaGRANT **DEFENDANTS**

## STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The parties agree to this Stipulated Protective Order, which is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment. It does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material includes the following documents and tangible things produced or otherwise exchanged:

    A.    Confidential information in personnel files of employees of Correct Care Solutions, LLC ("CCS"). This designation includes, but is not limited to, such categories of information as

1

medical information, social security numbers, financial information, unlisted phone numbers, and other nonpublic personal identifiers as are protected by law.

B. CCS's policies and procedures and non-public business records, which are proprietary and confidential business information, as contemplated by Fed. R. Civ. P. 26(c)(1)(G), excluding documents subject to disclosure under the Arkansas Freedom of Information Act.

C. CCS records identifying non-parties and their personal information, including, but not limited to other inmates and employees of non-parties;

D. Proprietary software used by CCS in business activities.

Designation of these categories as Confidential does not make any particular document discoverable.

3. SCOPE

The protections conferred by this agreement cover not only confidential material but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. Protections conferred by this order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material

must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, non-party witnesses in the action, other than experts and consultants otherwise covered by this order, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material

3

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) insurance carriers and their claims representatives, for the purpose of analyzing and valuing the potential claims.

4.3 Filing Confidential Material. Confidential information must not be filed on the public docket. Before filing confidential material or discussing or referencing this material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted in accordance with Fed. R. Civ. P. 5.2, or whether a motion to seal or stipulation and proposed order is warranted. If practicable, confidential information should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential information and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

Where there is a challenge to the designation of a document as Confidential, all parties shall continue to maintain the material in question as Confidential until the Court rules on the challenge. If the parties are unable to resolve the dispute, then the designating party may file and serve a motion to retain confidentiality, within ten days of the meet and confer.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit designations to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected

5

testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party, officer, manager, or employee of a party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Discovery Disputes. Counsel should confer in good faith in person before bringing any discovery dispute to the Court. If the parties reach an impasse, they should file a joint report that conforms to the Court's Scheduling Order.

6.3 Trial Exhibits. Confidential material may be introduced into evidence at time of trial and placed before the trier of fact as permitted by the rules of evidence. However, before introduction, counsel must notify the court and counsel of the confidentiality of the material outside of the presence of the trier of fact, and the material can only be placed into evidence before the trier upon fact by either stipulation of the parties or order of the Court.

6.4 Exhibits. Confidential material may be used as reasonably necessary to respond to motions brought by the designating party, but counsel must confer and be given a chance to object to disclosure of confidential material in the court record.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in other orders or agreements that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.10. NON-TERMINATION AND RETURN OF DOCUMENTS

This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. When this case ends, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts including all copies of all these things, or shall certify the destruction thereof. Counsel for the parties may retain confidential information in their files for three years after this case ends. Then they must destroy all confidential information, including notes or memoranda that contain it.

So Ordered.

*WPMarshall Jr.*
D. P. Marshall Jr.
United States District Judge

5 September 2018
Date

AGREED:

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018

By: /s/ Luther Sutter
Luther Oneal Sutter
501-315-1910 Office
501-315-1916 Facsimile
Luthersutter.law@gmail.com
Attorney for the Plaintiff

**Fuqua Campbell, P.A.**
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200
Attorneys for Defendant,
 Correct Care Solutions, LLC

By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

**/s/ Ken Cook**
Ken Cook
(AR Bar I.D. No. 78030)
kcook@mwlaw.com
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
*Attorneys for Defendants Stephen Cook and Makita LaGrant*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Agreed Protective Order issued by the United States District Court for the Eastern District of Arkansas in *Marziale, et al v.Correct Care Solutions, LLC, et al; No. 35 5:18-cv-00086-DPM*. I agree to comply with and be bound by the Protective Order and understand and acknowledge failure to comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas to enforce the terms of the Protective Order, even if enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____