IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTINA MARZIALE, Individually
and as mother of Baby Boy Marziale; and
DANA McLAIN, Administrator of the
Estate of Elaine Marziale                                              PLAINTIFFS

v.                              No. 5:18-cv-86-DPM

CORRECT CARE SOLUTIONS LLC;
MAKITA LAGRANT; STEPHEN
COOK; and WELLPATH LLC                                                 DEFENDANTS

# ORDER

The Court greatly appreciates Magistrate Judge Deere's careful and quick work on this tangled case. On *de novo* review, the Court adopts her recommendation as modified. The Court partly sustains and partly overrules the parties' objections. FED. R. CIV. P. 72(b)(3). The Court will continue the trial to early December to allow for the needed clean-up discovery.

These are the modifications to Magistrate Judge Deere's recommendation. First, Defendants may refile their motions for partial summary judgment, limited to the qualified immunity issues, after that discovery. Plaintiffs may also renew their motion. Second, Defendants' many discovery dodges, stumbles, and foot-drags have created the need to do the clean-up discovery. Therefore, in addition to paying a

reasonable fee and costs for the motions to compel and for sanctions, Defendants must also pay a reasonable attorney's fee to Plaintiffs' counsel for having to do this work now. FED. R. CIV. P. 37(b)(2)(C). Defendants might fairly respond that this work is not extra, it has just been delayed. That's true but not the whole truth. Plaintiffs' counsel will necessarily have to revisit many issues, re-do much of the case work-up, and re-think things — all in a sprint. This additional sanction is designed to account for the consequences of Defendants' discombobulation of the case in discovery. Rough justice is the best the Court can do in the circumstances. If the parties are unable to agree on the number, the Court will set the fee (in an amount not to exceed $25,000) on a motion supported by itemized billing. Third, the Court clarifies that the key dates are October 3rd and 4th.

The Court refers this case back to Magistrate Judge Deere to shepherd the remaining discovery and make a recommendation on the renewed summary judgment motions. Defendants must begin a rolling production immediately. Magistrate Judge Deere will set an expedited schedule for all the discovery, as well as the summary judgment briefing. The Court requests a recommendation by 30 October 2020, with a seven-day objection deadline.

Correct Care must:

- Produce all documents identified in the 2019 QI depositions;

- Produce a 30(b)(6) witness for deposition at the company's expense on Correct Care's net worth;
- Produce all documents that relate to communications between the Arkansas Department of Community Correction and Correct Care regarding medical costs, transportation costs, and decisions about when to send inmates to outside medical specialists;
- Produce all documents reflecting changes, alterations, or removal of medical records for Marziale, Latoya Wren, and Christina Strickland, including all documents reflecting whether records were sent to third-party vendors for digitization. If no documents can be located, then Correct Care must verify its response, showing cause for the documents' destruction, and produce a 30(b)(6) witness for deposition at the company's expense on destruction of medical records;
- Produce the audit trails, at the company's expense, of Wren and Strickland;
- Produce documents reflecting any staffing deficiencies between September and October of 2015;
- Produce all documents pertaining to communications with the State of Arkansas about the number of employee hours

provided and the number of employee hours required by contract;

- Reexamine its files and produce any responsive documents related to statements obtained by Correct Care in relation to the case. If no documents are found, then Correct Care must verify its response;
- Produce any QI documents, emails, texts, or recordings related to the Marziale QI process that haven't been produced;
- Produce Stephen Cook's emails; and
- Produce a 30(b)(6) witness at the company's expense to testify about the destruction of personnel records.

In addition to a reasonable attorney's fee for Plaintiffs' lawyers' work during the clean-up discovery, the Court imposes the following sanctions for Defendants' discovery violations as specified by Magistrate Judge Deere.

- The Court will give an adverse inference instruction regarding Maria Agunga's destroyed emails;
- If Correct Care is unable to produce the Stephen Cook emails because they no longer exist, then the Court will give an adverse inference instruction about those emails;
- If the Court finds bad faith or an unreasonable retention policy, then the Court will give an adverse inference

  instruction about Makita LaGrant's destroyed personnel file; and

- Plaintiffs are entitled to a reasonable attorney's fee and costs for their work on the motion to compel and the motion for sanctions. Unless the parties can agree on this issue, a motion with a supporting itemized billing statement is due by 31 August 2020.

* * *

Recommendation, *Doc. 208*, adopted as modified. Objections, *Doc. 213, 214 & 215*, partly sustained and partly overruled. Motions for summary judgment, *Doc. 163 & 172*, denied without prejudice. Motions to compel and for sanctions, *Doc. 150 & 152*, partly granted and partly denied. Motion for Rule 56(d) relief, *Doc. 204*, granted. Motion for hearing, *Doc. 216*, denied. Scheduling Order, *Doc. 137*, vacated. Trial continued to 7 December 2020 first out. A Second Amended Final Scheduling Order will issue. Case referred back to Magistrate Judge Deere as specified.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

10 August 2020