IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTINA MARZIALE, Individually
and as mother of Baby Boy Marziale; and
DANA McLAIN, Administrator of the
Estate of Elaine Marziale                                            PLAINTIFFS

v.                          No. 5:18-cv-86-DPM

CORRECT CARE SOLUTIONS LLC;
MAKITA LAGRANT; STEPHEN
COOK; and WELLPATH LLC                                               DEFENDANTS

ORDER

**1.** Marziale's motions *in limine* are partly granted and partly denied. Here are the Court's rulings:

- **Insurance in Punitive Phase**

Granted. In a companion Order, the Court has decided that Lagrant and Cook aren't entitled to qualified immunity. Proof about insurance coverage may be admitted if we reach the punitive damages phase.

- **Witness's Felonies**

Granted, with a caveat. We must handle any admissible convictions at a sidebar before the witness is examined.

- **Deposition Testimony**

Denied.

- **Pretrial Witness List**

Denied. The parties may identify their witnesses at least thirty days before trial.

- **Failure to Call Ambulance**

Denied.

- **Elaine's Death Before the Emergency Room**

Denied.

- **Murray's Damages**

Granted, as modified. Evidence and testimony that Murray is alive and healthy is admissible.

- **Marziale's Drug Use**

Denied with a caution. Marziale's drug use must be treated with great care to avoid unfair prejudice: it must be limited to use that allegedly affected her pregnancy.

- **"Deserved What They Got" Testimony**

Granted. Defendants won't offer evidence that pregnant inmates deserved or were responsible for their children's outcomes; Marziale won't offer evidence that defendants thought those things.

- **Pain On and After 1 October 2015**

Granted without objection as to Marziale. Denied as to Elaine.

- **404 Evidence, Approaching the Bench, and Ringing the Bell**

Granted, as to all parties.

- **Suggestions of Bad Parenting**

Denied without prejudice.  Marziale's request is vague and overbroad.  Rules 401, 402, and 403 apply, of course.

- **Dr. Fowlkes's Expert Testimony**

Mostly denied.  As agreed, Dr. Fowlkes may not testify about Marziale's drug use in prison.  Otherwise, the usual tools—cross-examination, impeachment, the Rules of Evidence—can handle Dr. Fowlkes's expert testimony.

2. Defendants' motion *in limine* is partly granted and partly denied.  Paragraph 6 is granted as unopposed.  Here are the Court's rulings on the opposed parts:

- **Dr. Howard's Expert Testimony**

Denied.  Here again, the usual tools—cross-examination, impeachment, the Rules of Evidence—can handle Dr. Howard's expert testimony.

- **Sonic Stop**

Denied.

- **Prior Standard of Care Criticisms**

Denied.

- **CQI Report and Holcomb's Testimony**

Denied. These issues are a bit tangled. First, Cook is a party and Marziale can offer his statements against him, either through

Holcomb's testimony or the CQI report. FED. R. EVID. 801(d)(2). Second, Farmer is not a party. But she, and Cook, were speaking for Correct Care during the investigation. Several of the Rule's subsidiary conditions are satisfied. FED. R. EVID. 801(d)(2)(A)–(D). Farmer's statements are admissible against the company. The CQI report's ultimate conclusions are Correct Care's statements, and thus also admissible against the company. FED. R. EVID. 801(d)(2). While there will be contrary evidence offered, Holcomb may testify about what Correct Care employees told her during her investigation of the incident for the company. The Court is open to appropriate limiting instructions at Defendants' election.

- **Correct Care's Net Worth and Financial Condition**

Granted without objection. Proof about this entity's net worth is relevant to possible punitives only.

- **Other Lawsuits**

Granted. The parties are trying this case, not others.

- **Subsequent Remedial Measures**

Partly granted, partly denied. Evidence and testimony about the ANGELS program as it existed at the time of Marziale's pregnancy and delivery is fine; evidence and testimony about fixes to the ANGELS program after Marziale's pregnancy and delivery is not.

- **Quality Documents**

Granted. Any quality-related evidence should be specific to pregnancy care in the state of Arkansas. And defendants may not argue that the excluded documents are necessary to show a policy or custom.

\* \* \*

Marziale's motions *in limine*, Doc. 233, 294, & 298, are partly granted and partly denied. Defendants' motion *in limine*, Doc. 296, is partly granted and partly denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 January 2021