# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CHRISTINA MARZIALE; and**                                 **PLAINTIFFS**
**DANA McLAIN, Administrator of the**
**Estate of Elaine Marziale**

**V.**                      **CASE NO. 5:18-CV-86-DPM**

**CORRECT CARE SOLUTIONS LLC;**
**MAKITA LAGRANT; STEPHEN**
**COOK; and WELLPATH LLC**                                  **DEFENDANTS**

## REPORT WITH RECOMMENDATIONS

### I.  Procedure for Filing Objections:

This Report with recommendations has been sent to Chief Judge D.P. Marshall Jr., the presiding judge in this case. The parties may file objections with Judge Marshall if they disagree with the findings or conclusions set out in the Report. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days, unless Judge Marshall orders otherwise. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt the recommendations set out in this Report without independently reviewing the record.

### II. Introduction:

On July 28, 2020, this Court issued a Report with Recommendations outlining the extensive discovery abuse committed by Defendant Correct Care Solutions LLC n/k/a Wellpath LLC ("CCS"). (Doc. No. 208) After considering objections from both parties,

Judge Marshall entered an order largely adopting the recommendation and imposing various sanctions against CCS, including attorneys' fees. (Doc. No. 217)

Because the parties could not agree on the amount of attorneys' fees, Plaintiffs filed an attorneys' fee petition. (Doc. No. 300) CCS responded (Doc. No. 322), and the petition is ripe for review. For reasons explained below, the Court recommends that Plaintiffs be awarded $99,461 in attorneys' fees.

### III. Discussion:

There are two attorney fee awards at issue: fees for Plaintiffs' work during the August–October 2020 "clean-up" discovery period and fees for Plaintiffs' work on motions to compel and for sanctions (Doc. Nos. 150, 152). (Doc. No. 217 at pp. 1-2, 5) In support of their fee petitions, Plaintiffs submit itemized billing covering time entries for both petitions. The billing for Attorneys Gillham and Sutter consists of over 800 entries (Doc. No. 300-3); the billing for Attorney Clarke has almost 100 entries (Doc. No. 300-5). Plaintiffs seek a total of $530,007 in attorneys' fees and $8,352.85 in costs. (Doc. No. 300 at p. 3)

#### A. Attorneys' Fees for Clean-up Discovery

Judge Marshall capped recovery of fees for clean-up discovery at $25,000. (Doc. No. 217 at p. 2) CCS concedes that Plaintiffs are entitled to that full amount. (Doc. No. 322 at p. 3) Accordingly, Plaintiffs are entitled to $25,000 in attorneys' fees and costs for their work commencing August 10, 2020, the date the clean-up discovery period began.

### B. Attorneys' Fees for Work on Motions to Compel and as Sanctions

For Plaintiffs' work on their motions to compel and for sanctions, CCS concedes that Plaintiffs are entitled to attorneys' fees for 71.5 hours worked by Mr. Gillham and 59.7 hours worked by Mr. Clarke.  (Doc. No. 322 at pp. 5–7, 14–15) CCS contends that the remaining hours Plaintiffs claim are non-compensable; and, it objects to the proposed hourly rate for each attorney. (Doc. No. 322 at p. 4)

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citing *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002)).

*1. Hours Reasonably Expended*

The Court has carefully reviewed each time entry prior to August 10, 2020 to determine whether the billed time was spent on the motion to compel and the motion for sanctions. It is evident from the itemized billing that Plaintiffs' counsel has spent an extraordinary amout of time on this case. Much of the time submitted, however, is not related to Plaintiffs' motions to compel or for sanctions.

Plaintiffs are only entitled to attorneys' fees causally connected to CCS's discovery abuses. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 n.5 (2017). For purposes of the pending fee petitions, they cannot recover for time spent: working on a protective order; drafting a joint status report with the non-party Arkansas Department of Community Correction; sending interrogatories; engaging in legitimate discovery disputes, such as disputes regarding CCS's right to peer-review privilege;

3

identifying and finding witnesses; filing an amended complaint; or researching defense counsel and experts. (Doc. No. 300-3 at pp. 1, 2, 14, 18, 21, 33) Also, Plaintiffs have not met their burden to show they should be compensated for time spent deposing witnesses prior to August 10, 2020, because they have not explained how any particular deposition, other than those conducted during the clean-up discovery period, was necessitated by CCS's discovery abuses.

Because the vast majority of the time submitted is not compensable, it will be most efficient for the Court to pick out the entries that were actually spent on the motions to compel and for sanctions. In addition to the 131.2 hours conceded by CCS, the Court has identified 114.7 additional compensable hours:

| 18.1 hours | Mr. Gillham spent working on the motions for sanctions and to compel | 6/5/2019 – 2.1 hours<br>6/15/2019 – 3.0 hours<br>6/16/2019 – 0.4 hours<br>6/17/2019 – 1.1 hours<br>6/26/2019 – 3.5 hours<br>6/27/2019 – 0.7 hours<br>6/29/2019 – 1.7 hours<br>7/2/2019 – 0.1 hours<br>7/19/2019 – 1.8 hours<br>7/23/2019 – 0.3 hours<br>7/24/2019 – 0.3 hours<br>7/31/2019 – 0.1 hours<br>8/1/2019 – 0.1 hours<br>8/16/2019 – 2.9 hours<br><br>(Doc. No. 300-3 at pp. 29-45; Doc. No. 322-1 at pp. 29-45) |
| --- | --- | --- |
| 12.3 hours | Mr. Clarke spent working on the motions for sanctions and to compel | 7/2/2019 – 1.6 hours<br>7/3/2019 – 2.1 hours<br>7/18/2019 – 6.8 hours<br>7/19/2020 – 3.7 hours |

| | | (Doc. No. 300-5 at pp. 10-11; Doc. No. 322-2 at pp. 1-2) |
|---|---|---|
| 1.8 hours | Mr. Clarke spent working on the 9/30/2019 hearing on the motions | 9/4/2020 – 0.4 hours<br>9/27/2020 – 1.4 hours<br><br>(Doc. No. 300-5 at p. 11; Doc. No. 322-2 at p. 2) |
| 9.5 hours | Mr. Gillham spent working on supplemental discovery reports requested by the Court following the 9/30/2019 hearing on the motions (See Doc. Nos. 177-178) | 10/1/2019 – 3.4 hours<br>10/14/2019 – 0.3 hours<br>10/16/2019 – 4.7 hours<br>1/7/2020 – 1.1 hours<br><br>(Doc. No. 300-3 at pp. 51-53; Doc. No. 322-1 at pp. 51-53) |
| 2.3 hours | Mr. Gillham spent working on the supplemental brief in support of the motions | 6/4/2020 – 1.1 hours<br>6/17/2020 – 0.1 hours<br>6/18/2020 – 0.3 hours<br>7/17/2020 – 0.8 hours<br><br>(Doc. No. 300-3 at pp. 53-54; Doc. No. 322-1 at pp. 53-54) |
| 5.3 hours | Mr. Clarke spent working on the supplemental brief in support of the motions | 6/2/2020 – 2.4 hours<br>6/3/2020 – 2.1 hours<br>7/17/2020 – 0.8 hours<br><br>(Doc. No. 300-5 at p. 12; Doc. No. 322-2 at p. 3) |
| 14 hours | Mr. Gillham spent working on 7/21/2020 hearing before magistrate judge on motions | 7/20/2020 – 6.3 hours<br>7/21/2020 – 7.1 hours<br>7/22/2020 – 0.3 hours<br>7/24/2020 – 0.3 hours<br><br>(Doc. No. 300-3 at pp. 54-55; Doc. No. 322-1 at pp. 54-55) |

| | | |
|---|---|---|
| 5.8 hours | Mr. Clarke for 7/21/2020 hearing before magistrate judge on motions | 7/20/2020 – 2.2 hours<br>7/21/2020 – 5.8 hours<br><br>(Doc. No. 300-5 at p. 12; Doc. No. 322-2 at p. 3) |
| 18.1 hours | Mr. Gillham for preparing Rule 56(d) affidavit because Plaintiffs did not have the discovery necessary to respond due to CCS's discovery abuse | 7/14/2020 – 4.1 hours<br>7/15/2020 – 3.8 hours<br>7/16/2020 – 0.3 hours<br>7/21/2020 – 1.6 hours<br>7/22/2020 – 1.7 hours<br>7/22/2020 – 2.4 hours<br>7/23/2020 – 0.3 hours<br>7/23/2020 – 3.9 hours<br><br>(Doc. No. 300-3 at pp. 54-55; Doc. No. 322-1 at pp. 54-55) |
| 22.4 hours | Mr. Gillham for objections to the Magistrate Judge's Report with Recommendations regarding the motions | 7/28/2020 – 2.8 hours<br>7/28/2020 – 0.1 hours<br>7/29/2020 – 0.1 hours<br>7/29/2020 – 0.1 hours<br>7/31/2020 – 8.9 hours<br>8/1/2020 – 7.2 hours<br>8/4/2020 – 3.2 hours<br><br>(Doc. No. 300-3 at pp. 54-55; Doc. No. 322-a at pp. 54-55) |
| 5.1 hours | Mr. Clarke for objections to the Magistrate Judge's Report with Recommendations regarding the motions | 7/28/2020 – 3.3 hours<br>8/4/2020 – 1.1 hours<br>8/5/2020 – 0.7 hours<br><br>(Doc. No. 300-5 at p. 12; Doc. No. 322-2 at p. 3) |

*2. Hourly Rates.*

Plaintiffs request an hourly fee of $350 for Mr. Gillham, $400 for Mr. Clarke, and $400 for Mr. Sutter. The proposed rates are too steep for central Arkansas. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig*, 415 F.3d at 822 (citing *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir.2004)).

In 2016, this Court awarded Mr. Gillham an hourly rate of $250 for his work on a civil rights matter. Given the passage of time and complexity of this case, an hourly rate of $290 is reasonable. CCS concedes a $325 hourly rate for Mr. Clarke (Doc. No. 322 at p. 13); and the Court finds that rate to be reasonable. Mr. Sutter has not submitted any time that the Court deems compensable; therefore, it is unnecessary to reach the issue of his hourly fee.

### C. Costs

In addition to attorneys' fees, Plaintiffs request $8,352.85 in costs. (Doc. No. 300-4) Although Plaintiffs were awarded "costs for their work on the motions to compel and for sanctions" (Doc. No. 217 at p. 5), each cost submitted by Plaintiffs was incurred during the clean-up discovery period. Those costs have not been awarded by the Court. Plaintiffs are, therefore, not entitled to the costs submitted.

### IV. <u>Conclusion</u>:

The Court recommends that Plaintiffs be awarded $99,461 in attorneys' fees as follows:

7

| $25,000 | for Plaintiffs' work during the clean-up discovery period; |
| $45,211 | for Lucien Gillham's work on the motions to compel and for sanctions; $290/hour for 155.9 hours (71.5 conceded by CCS; 84.4 awarded by Court) |
| $29,250 | for Andy Clarke's work on the motions to compel and for sanctions; $325/hour for 90 hours (59.7 hours conceded by CCS; plus 30.3 hours allowed by the undersigned) |

DATED this 27th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE