## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CHRISTINA MARZIALE, Individually
and as mother of Baby Boy Marziale;  and
DANA McLAIN, Administrator of the
Estate of Elaine Marziale                                    PLAINTIFFS

v.                                  No. 5:18-cv-86-DPM

CORRECT CARE SOLUTIONS LLC;
MAKITA LAGRANT;  STEPHEN
COOK;  and WELLPATH LLC                        DEFENDANTS

### ORDER

**1.** After *de novo* review, the Court adopts Magistrate Judge
Deere's recommendations, *Doc. 328 & 329*, and overrules Marziale and
McLain's objections, *Doc. 330*.  FED. R. CIV. P. 72(b) (1983 addition to
advisory committee notes).  The recommendations involve overlapping
issues.  The plainest path is through the underlying motions.

**2.** First, there is Marziale and McLain's fee petition, *Doc. 300*.
Counsel seek attorney's fees and costs for their work on motions to
compel and for sanctions.  *Doc. 150 & 152*.  Because the docket contains
many such motions, the Court will call *Doc. 150 & 152* "the Two
Motions".  Counsel also seek fees and costs stemming from clean-up
discovery.

Back in August, the Court awarded Marziale and McLain reasonable attorney's fees and costs for work on the Two Motions. *Doc. 217 at 5.* Judge Deere identified 245.9 compensable hours—155.9 for Gillham, 90 for Clarke. And she recommended an hourly rate of $290 for Gillham and $325 for Clarke given the complexity of this case. The hours are reasonable. The Court is not persuaded by plaintiffs' argument that all the other time requested was necessitated by Correct Care's actions and omissions. The hourly rates suggested are healthy but justified—in this case—because of the tangled issues. *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983); *Chrisco v. Sun Industries, Inc.,* 304 Ark. 227, 229, 800 S.W.2d 717, 718–19 (1990). As to costs, Judge Deere recommended denying Marziale and McLain's request for $8,352.85 because the itemized billing, *Doc. 300-4,* doesn't show expenses specifically incurred with the Two Motions. That's correct, but most of these expenses are recoverable for reasons the Court will explain below. The Court awards $45,211 for Gillham's work on the Two Motions, and $29,250 for Clarke's work on the Two Motions, but no related expenses.

Next, clean-up discovery. As the Court also stated back in August, *Doc. 217 at 2,* Marziale and McLain's lawyers are entitled to a maximum of $25,000 in attorney's fees for having to do clean-up discovery. Correct Care concedes that counsel is entitled to that full amount. *Doc. 322 at 3.* It is awarded. Back to the out-of-pocket expenses. Judge Deere read *Doc. 300-4* as an itemization of expenses

-2-

incurred during clean-up discovery. Agreed. Based on this understanding, Judge Deere recommended imposing a sanction of $6,063.65 in expenses that Marziale and McLain incurred during that work. This amount accounts for expenses Marziale and McLain wouldn't have incurred but for Correct Care's discovery misconduct. It excludes the amount charged by their nursing expert to review newly discovered medical records, which would have been incurred even if the records were timely produced, but includes all other expenses documented in the itemized billing. $6,063.65 captures all documented expenses generated in the clean-up discovery.

The Court therefore awards a total attorney's fee of $99,461 and $6,063.65 in expenses. The attorney's fee reflects $25,000 for clean-up discovery, $45,211 for Gillham's work on the Two Motions, and $29,250 for Clarke's work on the Two Motions. The out-of-pocket expenses are imposed as a further sanction for Correct Care's discovery misconduct.

**3.** Next, there are Marziale and McLain's two pending motions for sanctions. *Doc. 263 & 285*. While Correct Care has engaged in discovery misconduct, Marziale and McLain's requested relief goes too far. The only sanctions Judge Deere recommended are expenses incurred during clean-up discovery, and attorney's fees and expenses in bringing the second motion for sanctions, *Doc. 263*. *Doc. 329 at 11*. The Court agrees. The clean-up expenses incurred have already been addressed. In addition, Correct Care owes a reasonable attorney's fee

- 3 -

and expenses incurred by Marziale and McLain in relation to the second motion for sanctions. FED. R. CIV. P. 37(b)(2)(C). Plaintiffs must file a notice limited to those fees and expenses — with itemized billing — by 31 March 2021. Marziale and McLain's requests for other sanctions are denied. Correct Care will suffer appropriate adverse instructions at trial.

* * *

Marziale and McLain's petition for attorney's fees, *Doc. 300*, is granted as modified. Their second motion for sanctions, *Doc. 263*, is partly granted and partly denied. Their third motion for sanctions, *Doc. 285*, is denied. Correct Care owes a total of $105,524.65. Please file notice of payment by 31 March 2021. Plaintiffs' notice about fees and expenses related to the second motion to compel, supported by itemized billing, due by 31 March 2021. Defendants' response due by 9 April 2021. Any reply due by 16 April 2021. And the Court looks forward to Judge Deere's recommendation on those numbers in due course.

So Ordered.

D.P. Marshall Jr.
United States District Judge

17 March 2021

- 4 -