**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHRISTINA MARZIALE; and                                            **PLAINTIFFS**
DANA McLAIN, Administrator of the
Estate of Elaine Marziale

**V.**                                  **CASE NO. 5:18-CV-86-DPM**

CORRECT CARE SOLUTIONS LLC;
MAKITA LAGRANT; STEPHEN
COOK; and WELLPATH LLC                                            **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>

**I.     <u>Procedure for Filing Objections:</u>**

This Recommendation for an award of attorneys' fees has been sent to Chief

Judge D.P. Marshall Jr., the presiding judge in this case. The parties may file objections

with Judge Marshall if they disagree with the findings or conclusions set out in the

Recommendation. Objections should be specific and should include the factual or legal

basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file

objections, they risk waiving the right to appeal questions of fact. And, if no objections

are filed, Judge Marshall can adopt the recommendations set out in this Recommendation

without independently reviewing the record.

**II.     <u>Background:</u>**

On September 24, 2020, Plaintiffs Christina Marziale and Dana McLain filed their

second motion for sanctions. (Doc. No. 263) Judge Marshall found that Defendant

Correct Care Solutions, LLC (CCS) committed discovery abuse and awarded Plaintiffs

*reasonable* attorneys' fees and expenses related to the second motion for sanctions. Judge Marshall further requested this Court's recommendation on the amount of fees to be awarded. (Doc. No. 332)

According to Plaintiffs' fee application and itemized billing, their attorneys spent 120.20 hours on the second motion for sanctions. (Doc. No. 334) They seek $46,475.00 in attorneys' fees. CCS contends that Plaintiffs are entitled to only $4,164.00 in fees; alternatively, it proposes $9,220.50 as a reasonable fee award. (Doc. No. 337)

Assuming the accuracy of the itemized billing,[1] the time submitted and the hourly rates are unreasonable. For the following reasons, the Court recommends Plaintiffs be awarded $15,565.50 in attorneys' fees for their work on the second motion for sanctions.

## III.   <u>Discussion</u>:

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) "When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014) (unpublished) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34)).

---

[1] The Court holds reservations about the accuracy of the itemized billing. Plaintiffs report time to prepare for, and attend, hearings on Friday, September 18 and Friday, September 25. (Doc. No. 334, pp. 3–4) No hearings were held in this matter on those days. (See Doc. No. 222) (setting status conferences every Friday from August 21–September *11*, 2020); see generally Docket Sheet, *Marziale v. Correct Care Solutions, LLC et al.*, 5:18-CV-86 (E.D. Ark.) (no notice of hearings or minute entries for September 18 or 25, 2020).

*1. Hours Reasonably Expended*

As an initial matter, Plaintiffs are not entitled to the 11.2 hours spent preparing for and attending hearings. (Doc. No. 334, pp. 3–4) (time entries for September 3, 10, 11 & 25) These hearings were part of the clean-up discovery process, and attorneys' fees have already been awarded. (Doc. No. 332, p. 3)

Likewise, Plaintiffs are not entitled to the 7.2 hours spent reviewing and objecting to this Court's previous attorneys' fees recommendation. (Doc. No. 334, pp. 3–4) (time entries for January 27 & February 10, 2021) That recommendation (Doc. No. 328) was not related to Plaintiffs' second motion for sanctions.

Of the remaining 101.8 hours billed, 69.7 hours were spent drafting the second motion for sanctions; 13.8 hours were spent reviewing CCS's response to the second motion for sanctions; 7.5 hours were spent reviewing and objecting to this Court's Report with Recommendations on the second motion for sanctions; 6.7 hours were spent reviewing CCS's response to the objection; and 4.1 hours were spent reviewing Judge Marshall's order on the second motion for sanctions. Many of these hours were "excessive, redundant, or otherwise unnecessary," and a reduction in hours is warranted. *Hensley*, 461 U.S. at 434; *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010).

<u>Drafting Second Motion for Sanctions</u>. From September 12–24, 2020, Attorney Lucien Gillham spent 26 hours and Attorney Luther Sutter spent 43.7 hours researching and drafting Plaintiffs' second motion for sanctions. [2] The Court has no doubt that

---

[2] Mr. Sutter's September 12–24 hours were billed as "Drafting 2nd Motion to *Compel*." (Doc. No. 334, pp. 3–4) (emphasis added) CCS argues that Plaintiffs are not entitled to

Plaintiffs' counsel spent significant time drafting the motion (Doc. No. 263), the 39-page supporting brief (Doc. No. 265), and the 19-page timeline (Doc. No. 263-1). Still, 69.7 hours is excessive.

This was Plaintiffs' *second* motion for sanctions. Counsel was already familiar with the relevant law. Yet, Plaintiffs' counsel billed considerably more time on their second motion for sanctions than on their first. (See Doc. No. 328, p. 4) (identifying a combined 30.4 hours spent on the first motion for sanctions and a motion to compel). Further, counsel's healthy hourly rate, discussed below, implies that counsel should be able to draft motions in a cost-effective manner. *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014) (attorney did not "achieve the time savings, implied by his higher rate." (cleaned up)).

On a similar note, a large section of the motion was spent *unsuccessfully* relitigating issues the Court decided in ruling on the first motion for sanctions. *Id.* at 831 (attorneys' fees may be adjusted based on the nature of the results obtained); see also

---

compensation for these hours because they were not related to the second motion for *sanctions*. (Doc. No. 337, p. 5) Although Plaintiffs filed a motion to compel on September 10 (Doc. No. 241) and a reply brief regarding the motion to compel on September 21 (Doc. No. 255), the Court assumes Mr. Sutter made a typographical error and that the time was spent drafting the second motion for sanctions. The same error was made on the pending fee application. (Doc. No. 334) ("Application for Attorneys' Fees on Second Motion to Compel")

For the sake of efficiency, the Court also assumes Mr. Sutter made a typographical error on September 18, 2020 when he billed 6.1 hours for "Hearing; Continue Researching and Drafting 2nd Motion to Compel." (Doc. No. 334, p. 3) There was no hearing in this matter on that date. The full 6.1 hours billed are therefore included in the Court's calculation of hours spent drafting the second motion for sanctions.

*Fires*, 565 F. Appx at 576–77 (upholding reduction in attorneys' fees based on degree of success). And, assuming the nineteen-page timeline was billed by either Mr. Gillham or Mr. Sutter,[3] that work could have been done by a paralegal at a much lower hourly rate. See *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (attorneys are encouraged to deliver cost-effective legal services by using paralegals whenever possible).

Based on these considerations, it is recommended that the number of hours spent drafting the motion be reduced by half; Mr. Gillham is entitled to 13 hours; Mr. Sutter is entitled to 21.85 hours.

Reviewing CCS's Response. From October 8–28, Mr. Gillham spent 2.3 hours and Mr. Sutter spent 11.5 hours to "Review Response." Given the vagueness of this itemized entry and the fact that Defendants filed six separate responses during this time period, it is difficult to determine whether the billed time was related to Plaintiffs' second motion for sanctions. Assuming all 11.5 hours were spent reviewing CCS's seven-page response with supporting exhibits (Doc. No. 274), the time spent was excessive. The time expended should be reduced by half; Mr. Gillham is entitled to 1.15 hours; Mr. Sutter is entitled to 5.75 hours.

Reviewing and Objecting to Report. On January 30 and 31, 2021, Mr. Sutter spent 7.5 hours reviewing, discussing, and preparing objections to this Court's Report regarding the second motion for sanctions. CCS argues that Plaintiffs are not entitled to recover fees for this time because the objection was not successful. (Doc. No. 337, p. 3)

---

[3] The itemized billing does not clarify.

Even though the objections were unsuccessful, the work was related to the second motion for sanctions and was necessitated by CCS's discovery abuse. [4] It is unreasonable, however, to spend 7.5 hours reviewing an eleven-page Report (Doc. No. 329) to file a one-paragraph objection (Doc. No. 330, p. 4). [5] The amount requested should be reduced by half; Mr. Sutter is entitled to 3.75 hours for reviewing and objecting to the Report.

Reviewing CCS's Response. On February 27–28, Mr. Sutter spent 6.7 reviewing and discussing CCS's response to Plaintiffs' objections. That is an excessive amount of time to review a seven-page response (Doc. No. 331). The amount requested should be reduced by half; Mr. Sutter is entitled to 3.35 hours for reviewing CCS's response.

Reviewing Order. Mr. Gillham spent 0.3 hours reviewing Judge Marshall's four-page order on Plaintiff's second motion for sanctions (Doc. No. 332). On March 29, Mr. Sutter billed 3.8 hours to review the same order and to "Prepare notice and bill." (Doc. No. 334, p. 4) Because it is unclear what Mr. Sutter means by this vague entry, his hours should be reduced to the 0.3 hours necessary to review the order. *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records).

   2. *Reasonable Hourly Rates*

---

[4] Judge Marshall awarded fees incurred "in relation to the second motion for sanctions" under FED. R. CIV. P. 37(b)(2)(C), which requires the fees be "caused by" CCS's failure to comply with a court order. (Doc. No. 332, pp. 3–4)

[5] Plaintiffs' objection was four-pages long but only one paragraph addressed the second motion for sanctions.

Mr. Gillham seeks an hourly rate of $350; Mr. Sutter seeks an hourly rate of $400. (Doc. No. 334, pp. 5–7; Doc. No. 300-1, p. 2) Judge Marshall previously awarded Mr. Gillham's fees at an hourly rate of $290 and Attorney Andy Clarke an hourly rate of $325. (Doc. No. 332, p. 2) There is no reason to revisit Mr. Gillham's hourly rate. And Mr. Sutter's legal experience is comparable to that of Mr. Clarke's. (Compare Doc. No. 300-1 with Doc. No. 300-5) Accordingly, it is recommended that Mr. Gillham's hourly rate remain at $290 and that Mr. Sutter's hourly rate be set at $325.

## IV.   **Recommendation**:

For Plaintiffs' work on their Second Motion for Sanctions, the Court recommends they be awarded $15,565.50 in attorneys' fees as follows:

$3,770.00     for Mr. Gillham's work drafting Plaintiffs' second motion for sanctions (Doc. No. 263) and brief in support (Doc. No. 265) (13 hours)

$7,101.25     for Mr. Sutter's work drafting Plaintiffs' second motion for sanctions (Doc. No. 263) and brief in support (Doc. No. 265) (21.85 hours)

$333.50        for Mr. Gillham's work reviewing CCS's response to Plaintiffs' second motion for sanctions (Doc. No. 274) (1.15 hours)

$1,868.75     for Mr. Sutter's work reviewing CCS's response to Plaintiffs' second motion for sanctions (Doc. No. 274) (5.75 hours)

$1,218.75     for Mr. Sutter's work reviewing Report regarding Plaintiffs' second motion for sanctions (Doc. No. 329) and drafting objection (Doc. No. 330) (3.75 hours)

$1,088.75     for Mr. Sutter's work reviewing CCS's response to Plaintiffs' objections to Report (Doc. No. 331) (3.35 hours)

$87.00          for Mr. Gillham's work reviewing the Court's Order regarding Plaintiffs' second motion for sanctions (Doc. No. 332) (0.3 hours)

$97.50        for Mr. Sutter's work reviewing the Court's Order regarding Plaintiffs' second motion for sanctions (Doc. No. 332) (0.3 hours)

DATED this 29th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE